# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2023

Lyle W. Cayce
Clerk

No. 21-20439

Ricky Dockery,

*Plaintiff—Appellant*,

*versus*

Texas Department of Criminal Justice,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-966

Before King, Elrod, and Southwick, *Circuit Judges*.

Per Curiam:*

Ricky Dockery is an African American male who worked for the Texas Department of Criminal Justice ("TDCJ") for more than thirty years. In 2018, Dockery sued TDCJ in the United States District Court for the Southern District of Texas, alleging TDCJ refused to promote him due to racial discrimination in violation of 42 U.S.C § 1981 and Title VII of the Civil Rights Act of 1964. After a trial, the jury returned a verdict for TDCJ.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

No. 21-20439

Dockery moved for a new trial and attached an affidavit from one of the jurors. The district court denied Dockery's motion.

Dockery presented only one issue to this court on appeal when this case was first before us. It was that the district court should have conducted an evidentiary hearing to determine whether extrinsic evidence influenced the jury. The influence was allegedly shown in an affidavit from one of the jurors. The affiant swore that another juror informed everyone during their deliberations that the latter's wife (who was not on the jury) gave her opinion, as part of discussing the trial, of "how important a 'management pipeline' was to an employer," and that his wife's opinion made him "inclined to vote in favor of TDCJ."

We interpreted the juror statement as potentially meaning someone not on the jury provided information that affected a juror's decision. *Dockery v. Texas Dep't of Crim. Just.*, No. 21-20439, 2022 WL 3097849, at *3 (5th Cir. Aug. 3, 2022). Thus, Dockery had made a sufficient showing of a possible outside influence on the jury's verdict, and the district court needed to take evidence on that allegation. *Id.* We remanded for the district court to conduct an evidentiary hearing and make findings as to whether a juror discussed the case with his wife after the trial began. *Id.* at *3–4.

On remand, the district court called two jurors to testify under oath at an evidentiary hearing. During questioning, the juror who allegedly spoke to his wife about the trial unequivocally denied having done so. He also denied sharing any thoughts from her with the jury. The district court found his testimony "to be clear, credible and convincing." In contrast, the court found that the juror whose affidavit contained the statement that caused us to remand was not credible. In making this finding, the district court relied on her repeated claims of memory lapses regarding the details of her allegations, her conflating the jury's discussion of arguments presented at

2

No. 21-20439

trial with the discussion of what the other juror allegedly stated about his wife's opinion, and her inability to identify the juror she alleged made the statements. Accordingly, the court found no such conversation had occurred between a juror and his wife, the one juror's affidavit was not an accurate description of what occurred, and there was no improper extrinsic influence on the jury.

The district court's findings are clearly supported by the evidence. The district court's judgment is AFFIRMED.